**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114171

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Heather M. Pedersen, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Convergent Outsourcing, Inc., | |
| Defendant. | |

Heather M. Pedersen, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Convergent Outsourcing, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Heather M. Pedersen is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Convergent Outsourcing, Inc., is a Washington Corporation with a principal place of business in King County, Washington.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated December 30, 2016. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Defendant's Letter indicates that Plaintiff's debt is time-barred.

18. The Letter states, "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance."

19. 23 N.Y.C.R.R. § 1.3 requires debt collectors to notify consumers that 1) the debt collector believes that the statute of limitations applicable to the debt may be expired; 2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collections

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Practices Act, 15 U.S.C. § 1692 et seq.; 3) if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired; 4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and 5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

20. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to disclose that if the consumer is sued on a debt for which the statute of limitation has expired, the consumer may be able to stop the lawsuit by informing the Court that the statute of limitations has expired.

21. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to disclose that the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations.

22. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to disclose that if the consumer admits, affirms, acknowledges, or promises to pay the debt, the statute of limitations may restart.

23. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

24. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. Defendant's conduct, as described herein, is a false representation of the legal status of the debt.

26. Defendant's conduct, as described herein, is a false representation or deceptive means to collect or attempt to collect the debt.

27. The least sophisticated consumer would likely be deceived by Defendant's conduct.

28. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

29.     Due to the aforementioned failures, Defendant has violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

## CLASS ALLEGATIONS

30.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using any collection letter that includes the phrase "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance," from one year before the date of this Complaint to the present.

31.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

32.     Defendant regularly engages in debt collection.

33.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using any collection letter that includes the phrase "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance."

34.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

36.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

37. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: December 30, 2017

                        **BARSHAY SANDERS, PLLC**

                        By: _/s/ *Craig B. Sanders*_____
                        Craig B. Sanders, Esq.
                        100 Garden City Plaza, Suite 500
                        Garden City, New York 11530
                        Tel: (516) 203-7600
                        Fax: (516) 706-5055
                        csanders@barshaysanders.com
                        *Attorneys for Plaintiff*
                        Our File No.: 114171

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530